IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02513-BNB

GARY DEWILLIAMS,

Applicant,

v.

BLAKE DAVIS, Warden[,] Federal Correctional Institution[,] Englewood,

Respondent.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Gary DeWilliams, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Littleton, Colorado. Mr. DeWilliams initiated the instant action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994). He paid the $5.00 filing fee.

On January 28, 2008, the Court ordered Mr. DeWilliams to show cause within thirty days why the habeas corpus application should not be denied because he has an adequate and effective remedy under 28 U.S.C. § 2255 (2006) in this Court, which is the sentencing court. On February 22, 2008, Mr. DeWilliams submitted his response to the order to show cause.

The Court must construe liberally the application and the response to the show-cause order because Mr. DeWilliams is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. DeWilliams will be ordered to file an amended application.

In his response to the show-cause order, Mr. DeWilliams appears to have abandoned his 28 U.S.C. § 2255 claims attacking the validity of his sentence and now is attacking only the execution of his sentence pursuant to 28 U.S.C. § 2241. **See Montez v. McKinna**, 208 F.3d 862, 865 (10th Cir. 2000). However, he fails to provide, in a clear and concise manner, factual support for his claims that he has served his sentence. He also fails to state clearly the relief he seeks because he failed when he submitted his habeas corpus application to include all the pages on the Court-approved form for filing a habeas corpus action.

As a result, Mr. DeWilliams' application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987).

Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity

2

by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

To the extent Mr. DeWilliams is challenging the execution of his sentence, he may do so in the instant habeas corpus action pursuant to 28 U.S.C. § 2241. Mr. DeWilliams must demonstrate that he has exhausted BOP administrative remedies before he raises his 28 U.S.C. § 2241 claims in federal court. Prior to seeking habeas corpus relief under § 2241, federal prisoners must exhaust administrative remedies. *Montez*, 208 F.3d at 866; *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). Accordingly, it is

ORDERED that Mr. DeWilliams file **within thirty (30) days from the date of this order** an amended application that complies with this order. It is

FURTHER ORDERED that the amended application shall be titled "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. DeWilliams, together with a copy of this order, two copies of the Court-approved form to be used in full in filing the amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. DeWilliams fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED February 26, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02513-BNB

Gary DeWilliams
Reg. No. 20666-013
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 2/26/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk