IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02513-BNB

GARY DEWILLIAMS,

Applicant,

v.

EDWARD F. REILLY,
U.S. PAROLE COMM'N,
BLAKE DAVIS, Warden, and
FEDERAL CORRECTIONAL INSTITUTION, Englewood,

Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 3 2008

GREGORY C. LANGHAM
                              CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant, Gary DeWilliams, is a prisoner in the custody of the United States

Bureau of Prisons (BOP) at the Federal Correctional Institution in Littleton, Colorado.

Mr. DeWilliams initiated this action by filing *pro se* an application for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241. He also filed an amended § 2241 application and

a supporting brief. He has paid the $5.00 filing fee.

In an order filed on April 23, 2008, Magistrate Judge Boyd N. Boland, noting that

the only proper respondent in a habeas corpus action is the habeas applicant's

custodian, ordered Respondent Blake Davis only to file a preliminary response limited

to addressing the affirmative defense of exhaustion of administrative remedies. On

May 12, 2008, Mr. Davis filed a preliminary response. On June 4, 2008, Mr.

DeWilliams filed a reply to the preliminary response. On June 13, 2008, he filed a

motion titled "Motion to Amend or Supplement Reply." The motion will be granted only to the extent that it supplements the reply Mr. DeWilliams filed with the Court on June 4 and not to the extent it requests his release from custody.

The Court must construe the documents filed by Mr. DeWilliams in this action liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. DeWilliams' third of his three claims will be dismissed without prejudice for failure to exhaust administrative remedies.

Mr. DeWilliams was convicted in *United States v. DeWilliams*, No. 88-cr-00064-ZLW (D. Colo. Aug. 9, 1988), of bank robbery and making false statements in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 1001, respectively. He was sentenced to twenty-five years of incarceration. He was committed to the custody of the BOP with a projected release date of March 6, 2013, if he serves the full term of his sentence.

Mr. DeWilliams asserts three claims. As his first claim, he contends that he presently is in custody because of errors of the United States Parole Commission. He also alleges that the BOP has no authority to incarcerate him for crimes occurring in 1988. In claim two, he contends that the BOP at some time in 1990 improperly amended his judgment and commitment order. In claim three, he contends that the State of Colorado restored his civil rights in the early 1990s and on two occasions in 1997 called him to jury duty. Therefore, he alleges he now is "factually innocent." Amended application at 4.

Mr. Davis concedes that Mr. DeWilliams has exhausted his first and second claims but contends that Mr. DeWilliams has failed to exhaust administrative remedies for his third claim. In his reply, Mr. DeWilliams agrees, and "asks the Court to proceed on the merits of claims one and two, but not three, in that, too, claims one and two can resolve and give the relief the petitioner seeks." Reply at 4. He reiterates his agreement that claims one and two are exhausted in the motion titled "Motion to Amend or Supplement Reply" filed on June 13, 2008. Therefore, the Court will dismiss claim three, and will draw this action to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that claim three is dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that claims one and two and the action are drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that the motion for leave to proceed pursuant to 28 U.S.C. § 1915 (docket number one) is denied as moot because Applicant, Gary DeWilliams, has paid the $5.00 filing fee. It is

FURTHER ORDERED that the motion titled "Motion to Amend or Supplement Reply" (docket number 27) is granted only to the extent that it supplements the reply (docket number 26) Mr. DeWilliams filed with the Court on June 4, 2008, and not to the extent it requests his release from custody. It is

FURTHER ORDERED that the motions titled "Motion Requesting Ruling on Habeas Corpus Petition" (docket number 30) and "Motion for Release of Petitioner

Pending Review of Decision Habeas Corpus Proceeding" (docket number 31), both of which request Mr. DeWilliams' release from custody, are denied. It is

FURTHER ORDERED that the order to show cause (document number 9) is discharged. It is

FURTHER ORDERED that Respondents Edward F. Reilly, U.S. Parole Commission, and Federal Correctional Institution are dismissed as Respondents because the only proper Respondent is Mr. DeWilliams' custodian, Blake Davis. It is

FURTHER ORDERED that the clerk of the Court correct this Court's docketing records to reflect the only proper Respondent, Mr. Davis.

DATED at Denver, Colorado, this 21 day of _____July_____, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  07-cv-02513-BNB

Gary DeWilliams
Reg. No. 20666-013
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123


     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/23/08

GREGORY C. LANGHAM, CLERK

By: _____
                      Deputy Clerk