IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Case No. 07-cv-02513-REB-MJW

GARY DeWILLIAMS,

      Applicant,

v.

BLAKE DAVIS, Warden,

      Respondent.

---

## ORDER DENYING MOTION FOR RECUSAL

---

**Blackburn, J.**

      This matter is before me on the applicant's **Motion To Have Motion for Change of Habeas District Judge Reconsidered, in the Alternative Reassigned** [#54][1] filed March 10, 2009.  The respondent  filed a response [#57].  I deny the motion.

      In his motion, the applicant seeks the assignment of a different judge to this case.  Under 28 U.S.C. § 455, a judge to recuse himself or herself when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." **Bryce v. Episcopal Church in the Diocese of Colorado**, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted).  Proof of actual bias is not necessary; recusal is required if the facts, from an objective perspective, admit of the appearance of bias.  **Id**.; **Salt Lake Tribune Publishing Co. v. AT & T Corp.**, 353 F.Supp.2d 1160, 1172 (D. Utah 2005). On the other hand, "section 455(a) must not be so broadly construed that it becomes, in

---

[1]  "[#54]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982); *see also Bryce*, 289 F.3d at 659. Rather, "[d]isqualification for lack of impartiality must have a *reasonable* basis." *See Jackson v. Fort Stanton Hospital and Training School*, 757 F.Supp. 1231, 1240 (D.N.M. 1990) (quoting H.R. Rep. No. 93-1453, 93rd Cong., 2nd Sess., 1974 U.S.C.C.A.N. 6351, 6355) (emphasis in original). "In the recusal context, the reasonable person standard contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" *United States v. Evans*, 262 F.Supp.2d 1292, 1294 (D. Utah 2003) (footnote and citation omitted).

        In his present motion, the applicant does not cite any facts that are relevant to the recusal standards of 28 U.S.C. § 455. Absent a showing of relevant facts that would cause a reasonable, well-informed, and objective observer to harbor doubts about my impartiality, the applicant's motion must be denied.

        **THEREFORE, IT IS ORDERED** the applicant's **Motion To Have Motion for Change of Habeas District Judge Reconsidered, in the Alternative Reassigned** [#54] filed March 10, 2009, is **DENIED**.

        Dated June 29, 2009, at Denver, Colorado.

                                        **BY THE COURT:**

                                        Robert E. Blackburn
                                        United States District Judge