IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02513-REB-MJW

GARY DeWILLIAMS,

Applicant,

v.

BLAKE DAVIS, Warden,

Respondent.

---

**RECOMMENDATION ON
AMENDED APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241 (Docket No. 12)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to a Order of Reference to United States Magistrate Judge issued by Judge Robert E. Blackburn on July 29, 2008.  (Docket No. 34).

Before the court for a report and recommendation is the pro se incarcerated petitioner's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 12) (hereinafter the "petition").  Respondent timely filed an Answer (Docket No. 38), and petitioner filed a Reply (Docket No. 40), a Sur-Reply (Docket No. 46), and a Submission of Additional Authority (Docket No. 47).  The court has considered these documents and has considered the court's files and applicable Federal Rules of Civil Procedure, case law, and statutes.  The court now being fully

2

informed makes the following findings, conclusions, and recommendation that the petition be denied and dismissed.

Since the petitioner is not an attorney, his petition has been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The court, however, should not be a *pro se* litigant's advocate. The court "will not supply additional factual allegations to round out a [petition] or construct a legal theory on a [petitioner's] behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

A § 2241 habeas proceeding is "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir.1997) (quoting Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)). "'A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" Hernandez v. Davis, 2008 WL 2955856, *7 (D. Colo. July 30, 2008) (quoting Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir.2001) (emphasis added)). **"A petition under 28 U.S.C. 2241 attacks the execution of a sentence rather than its validity** and must be filed in the district where the prisoner is confined." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir.1996) (emphasis added).

Here, a review of the docket of the petitioner's 1988 criminal case reveals the

following.  In an Order and Judgment filed on May 4, 2006, the Tenth Circuit Court of Appeals provided the following background:

> Mr. deWilliams was sentenced on August 3, 1988, to twenty-five years' imprisonment following his plea of guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of making a false statement, in violation of 18 U.S.C. § 1001.  According to Mr. de Williams, the offenses occurred on January 15, 1988.  On August 25, 1988, the district court issued a clarification that Mr. deWilliams' sentence had been imposed under the law that preexisted the United States Sentencing Commission's promulgation of sentencing guidelines.  The court's ruling was based on its determination that the sentencing guidelines were unconstitutional.  However, in January 1989, the Supreme Court issued its opinion in <u>Mistretta v. United States</u>, 488 U.S. 361 (1989), holding the guidelines constitutional.
>
> Nearly seventeen years later, on August 8, 2005, Mr. deWilliams filed a motion pursuant to 28 U.S.C. § 2255, seeking to be resentenced under the sentencing guidelines based on the Court's ruling in <u>Mistretta</u>.  The district court denied the motion, reasoning it was barred by the one-year limit set forth in § 2255.  Mr. deWilliams also filed a petition for writ of coram nobis, which the court also denied as an attempt to circumvent the time limitation of § 2255.
>
> Mr. deWilliams then filed a pro se "Motion to Correct an[] Illegal or Unauthorized Sentence Pursuant [to] Federal Rules of Criminal Procedure, Rule 35(a) 1986." . . .  The district court indicated that this motion again "asserts the same claims that [deWilliams] raised in the § 2255 Motion and in the coram nobis Motion." . . .  The court instructed Mr. deWilliams "**that he may not avoid the time bar under § 2255 simply by styling a motion as something else**." . . .

(<u>United States v. deWilliams</u>, Order and Judgment, Criminal Case No. 88-cr-00064-ZLW, Docket No. 34 at 4-5 (10th Cir. May 4, 2006)) (emphasis added) (footnotes omitted).  The court found that "[b]ecause under any possible construction, Mr. deWilliams' rule 35(a) motion cannot prevail, the district court's order denying that motion and Mr. deWilliams' other related motions is AFFIRMED."  (<u>Id.</u>, Criminal Case No. 88-cr-00064-ZLW, Docket No. 34 at 6-7).

4

Petitioner also sought a writ of mandamus ordering the court to vacate his criminal sentence and to resentence him under the United States Sentencing Guidelines effective November 1, 1987.  In an Order filed on September 19, 2006, the Tenth Circuit Court of Appeals found:

> Mr. DeWilliams has not shown any of the factors required for mandamus relief.  He is now plainly time-barred from attacking his sentence under the one-year limitation period of 28 U.S.C. § 2255.  Further, he is not entitled to relief under Crim. P. R. 35(a). . . . Accordingly, Mr. DeWilliams has not demonstrated either a right to re-sentencing or a district court duty to provide him with the relief he seeks.  Additionally, there is no showing of the lack of another adequate remedy: Mr. DeWilliams could have challenged his sentence on direct appeal or through a timely § 2255 motion.
>
> The petition for relief in the nature of mandamus is denied. . . .

(In Re: Gary DeWilliams, Order, Criminal Case No. 88-cr-00064-ZLW, Docket No. 36 at 3 (10th Cir. Sept. 19, 2006)).  Subsequently, on April 28, 2008, petitioner filed another motion, which "[t]he district court summarily denied the motion, noting it 'contains the same arguments previously presented before this Court.  [The] requested relief remains time barred under 28 U.S.C. § 2255 and relief continues to be unavailable under Fed. R. Crim P. 35(a).' . . .  The court also denied DeWilliams' motion to proceed *in forma pauperis (ifp)* on appeal, "find[ing] th[e] appeal is not taken in good faith. . . ."  (United States v. Gary DeWilliams, Order and Judgment, Criminal Case No. 88-cr-00064-ZLW, Docket No. 54 at 2-3 (10th Cir. Nov. 13, 2008)).  The Tenth Circuit construed petitioner's pleading as a § 2255 motion and found that petitioner did not obtain the required authorization before filing a second or successive application.  Therefore, the district court was found to lack jurisdiction, and petitioner's appeal was dismissed on November 13, 2008.  (Id., Criminal Case. No. 88-cr-00064, Docket No. 54 at 5-6).

5

Petitioner now brings a § 2241 motion. He describes the nature of the case as follows:

> Petitioner simply states first and foremost (the U.S. Parole Commission") should have never been given jurisdiction, authority, custody and, control over my 1988 offenses in the first place. I accepted my responsibilities, pleaded guilty under the laws that were in effect from on a superceded-information filed on June 29, 1988. Were I sentenced under the Guidelines "then" as I "should have been my sentence would have been lower. In stead, I did extra time and was released from prison by the parole commission much later. Then the Commission in 1999 violated the parole (which I should not have been on) and reincarcerated me for additional 32 months (for the offense, § 922(g)(1)), and therefore completed that sanction and was re-paroled on December 24, 2001. . . . Petitioner's previous sentence (1988) occurred even though (1) petitioner's previously assertedly federal felony sentence did not qualify as a pre-SRA sentence, while current law and pertinent records showed: (I) current law was Sentencing Guidelines, and 18 U.S.C. §§ 3351, and 3553(a); (ii) the indictment/information properly charged offenses that occurred both in 1988; (iii) conviction was sound by the superceded-information under SRA laws when petitioner plead guilty; and thus, the sentence was imposed to be executed under preexisting laws, an erroneous sentence, under federal law. . . .

(Docket No. 12 at 2-3).

Following an Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge issued by Senior Judge Zita L. Weinshienk (Docket No. 32), only two of three claims in the petition and one respondent, Blake Davis, remain. Petitioner asserts the following in the remaining two claims:

> Claim One: PETITIONER'S CUSTODY IS THE RESULT OF PAROLE COMMISSION ACTION IN THAT IT SHOULD NOT HAVE HAD JURISDICTION, CUSTODY OF PETITIONER IN THE FIRST PLACE.
>
> A. Supporting facts: The respondent knew or should of knew that it had no authority of the petitioner's offense (sentence) whose crimes occurred in 1988, after the SRA Act of 1984 took effect. It knew purusant [sic] to 18 U.S.C. §§ 4201-4218 that its executive authority were for offenses under the Parole Commission's & Reorganization Act for offenses that occurred before October 31, 1987. The respondent knew that Congress gave "no

6

authority for such" offenders whose offenses were under the SRA Act Of 1987. It could of filed its own motion to contest such action by the respondent (BOP) and the district court for that matter. The Commission has currently custody until March 6, 2013, because of the 1988 <u>sua sponte</u> order, and P.S. § 588.28 (1991) I think. The respondent did not put into effect the 1988 court order until petitioner had served almost two-years under a SRA sentence. See Attachments <u>B</u>, <u>C</u>, It shows the issue was still being delat [sic] with.

. . .

Claim Two: RESPONDENT (WARDEN) CUSTODY OF PETITIONER SEEMS TO VIOLATE CONSTITUTION FOR THE USE OF AN INVALID SENTENCE (88CR64) AND CONVICTIONS HAVING BEEN RESTORED BY STATE AND FEDERAL LAW

A. Supporting Facts: Respondent (BOP) in 1990 (unknown date) see Atts. A-C unilaterally amended judgment and commitment alsmost [sic] 2 years of the <u>sua sponte</u> order (August 25, 1988). Respondent knew that the law (SRA of 1984) was the law then. Petitioner then was under administrative remedy (constesting [sic] the preexisting sentence). Respondent (Unit Team) agreed then, the judgment was error. Unit would not allow petitioner to go before the Parole Commission to argue it. Said petitioner was under SRA Guidelines. The respondent (then, did a Guideline Worksheet Study "something like that) and calculated a "guideline sentence" of not more than 105 or 115 months sentence. So I filed grievance contesting sentence. I do not have copies nor do the BOP, they say. In 1990, I was given a "time computation" it had a 9X month sentence (projected release date). I thought the grievance worked, because of the 105/115 sentence with good time reducing sentence to ninety-something months. In both 2000 and 2002, the sentencing courts used the 1988 conviction, and . . . sentence. **Petitioner argues the 1988 sentence is invalid and asks the court to make that finding**. **In doing so, the 2002 sentence was based on "an invalid sentence," executed under preexisting laws.** Laws that were "repealed," and nonapplicable to offenses after the Act becamce [sic] law. Secondly, the sentence 2002 was executed on tha [sic] basis that the petitioner had Colorado state prior convictions which were materially untrue. Petitioner is in custody under both sentences though they are closely intertwined together. Respondent knew or should have know the 2002 sentence is partly because of the 1988 sentence. it knew through previous filings of administrative remedies, letters and petitions to Commission, cop-outs to BOP Records, at unit team meetings.

(Docket No. 12 at 4-5) (emphasis added).

In response, respondent has shown that the Bureau of Prisons [hereinafter "BOP"] has computed petitioner's sentence "in accordance with the order of the Court" as well as in accordance with applicable statutes and BOP policy.  In particular, with regard to the order of the Court, on August 24, 2988, Judge Weinshienk issued a Clarification of Judgment in which it was stated:

> This matter is before the Court sua sponte to clarify the sentence previously imposed in this case.  This Court has ruled that the sentencing Guidelines promulgated by the United States Sentencing Commission were unconstitutional.  Therefore, all sentences of this Court are under preexisting law and not the Sentencing Reform Act.  Accordingly, it is
>
> ORDERED that the sentence entered in this case is clarified to show that it was imposed under preexisting law and not under the Sentencing Reform Act of 1984.  It is
>
> FURTHER ORDERED that the Probation Department transmit a certified copy of this order to Defendant's place of confinement.

(Docket No. 38-3).   In addition, the BOP computed petitioner's sentence in accordance with Bureau Program Statement 5880.28 which complies with Judge Weinshienk's order and specifically requires that sentences imposed in the District of Colorado be computed "in accordance with pre- SRA sentencing laws for all sentences imposed prior to January 19, 1989."  (Docket No. 38-3 at 9).

Respondent has provided a detailed explanation for the computation of the petitioner's sentence.  (See Docket No. 38 at 4-6).  Petitioner has not challenged the mathematical calculations presented.

This court finds, from a review of the petitioner's filings, that the petitioner is attacking the validity of his sentences rather than the execution of them.  In fact, in his

reply, petitioner states: "Applicant asserts that the relevant question is not whether the use of a court order and thus, its BOP program statement issued by the Attorney General, **but whether the 1988 sentence . . . is constitutionally valid**, and if not, **is the 2002 sentence also invalid** because it was augmented based on an invalid 1988 sentence." (Docket No. 40 at 4) (ellipsis in original) (emphasis added). "A petition under 28 U.S.C. 2241 attacks the execution of a sentence rather than its validity . . . . It is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." Bradshaw v. Story, 86 F.3d at 166. Petitioner is simply rephrasing the arguments he unsuccessfully raised in prior motions as detailed above and yet again is attempting to circumvent the time limitation in § 2255. As petitioner was previously instructed by the court, he may not avoid the time bar under § 2255 simply by styling a motion as something else. Therefore, the § 2241 petition should be denied and dismissed.

**RECOMMENDED** that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 12) be **denied and dismissed**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of**

**Corrections**, 183 F.3d 1205, 1210 (10th Cir. 1999); **Talley v. Hesse**, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Date: September 15, 2009          s/ Michael J. Watanabe
      Denver, Colorado                 Michael J. Watanabe
                                           United States Magistrate Judge